**IN THE UNTIED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| CAMERON HATTON, JR.<br>23 S. Street, Unit 6E<br>Philadelphia, PA 19103<br><br>Plaintiff<br><br>v.<br><br>ISAIAH BROWN<br>3212 Cassian Court, Apt C<br>Dover, NJ 07801<br><br>AND<br><br>CHINA SUMPTER<br>U.S. Army Recruiting Battalion<br>Mid-Atlantic NAES<br>Route 547 Building 688 S4<br>Lakehurst, NJ 08733<br><br>AND<br><br>UNITED STATES OF AMERICA<br>Fort Dix Legal Office, U.S. Army Support<br>5165A Maryland Avenue<br>Joint Base MDL, NJ 08640<br><br>AND<br><br>STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY<br>One State Farm Plaza<br>Bloomington, IL 61710<br><br>AND<br><br>JOHN DOE 1-10 (FICTITIOUS PERSONS<br>RESPONSIBLE FOR THE DAMAGES<br>SUFFERED BY THE PLAINTIFF)<br><br>AND | COMPLAINT<br><br>CA NO.:<br><br>**JURY TRIAL REQUESTED** |

ABC CORPS 1-10 (FICTITIOUS :
CORPORATIONS RESPONSIBLE :
FOR THE DAMAGES SUFFERED :
BY THE PLAINTIFF) :
:
Defendants :

---

## CIVIL ACTION COMPLAINT

Plaintiff, Cameron Hatton, Jr., by and through his attorneys, Chaiken, Lyons & Gaynier P.C., file this Complaint against the Defendant, State Farm Mutual Automobile Insurance Company, the United States of America, JOHN DOE 1-10 and ABC CORPS 1-10 for the conduct of its agents, servants, and employees, including but not limited to: Isaiah Brown and China Sumpter, and alleges and avers as follows:

## INTRODUCTION

1. This case involves a motor vehicle collision that occurred on September 3, 2024 at or near the intersection of Georgetown-Wrightstown Road (County Route 545) and Defense Access Highway (McGuire Access Highway) in Burlington County, New Jersey.

## PARTIES

2. Plaintiff Cameron Hatton, Jr., is an adult individual residing at 23 S. Street, Unit 6E, Philadelphia, Pennsylvania 19103.
3. Defendant Isaiah Brown, is an adult individual residing at 3212 Cassian Court, Apt C in Dover, NJ 07801.
4. Defendant China Sumpter, is an adult individual residing at Route 547 Building 688 S4 in Lakehurst, NJ 08733

5. Defendant, United States of America, is a sovereign nation, with a legal office located at Fort Dix, 5165A Maryland Avenue in Joint Base MDL, NJ 08640.
6. Defendant State Farm Mutual Automobile Insurance Company (hereinafter “State Farm”) is a corporation organized under the laws of New Jersey with its nerve center and principal place of business address listed above and was at all times regularly doing business throughout the State of New Jersey.
7. Defendants ABC CORPS 1-10 and/or JOHN DOES 1-10 are fictitious Defendants whom Plaintiff has made all reasonable efforts to identify and were at all times relevant to this Complaint responsible for the ownership and operation of the subject vehicle that collided with Plaintiff’s vehicle on September 3, 2024 at or near the intersection of Georgetown-Wrightstown Road (County Route 545) and Defense Access Highway (McGuire Access Highway) in Burlington County, New Jersey. Plaintiff reserves the right to amend the Complaint once their identities are made known.
8. At all times relevant and material hereto, the Defendant UNITED STATES OF AMERICA, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and Defendants ABC CORPS 1-10 did act, or failed to act, either individually and/or through their respective agents, servants, workmen, employees, and/or representatives, who were engaged in its business and who were acting within the course and scope of their employment and/or agency and is therefore vicariously liable for their actions and inactions.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because this matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and it is between citizens of different States.
10. Jurisdiction is also founded on Title 28, United States Code §1331and this action is based on the Federal Torts Claims Act §1346.
11. Venue is appropriate in this matter pursuant to 28 U.S.C. 1391(b)(2), in the United States District Court for New Jersey Camden Vicinage because a substantial part of the acts or omissions giving rise to the claim occurred in the above indicated judicial district (i.e. Burlington County, New Jersey). Burlington County falls under the Camden Vicinage for the United States District Court for the District of New Jersey.

## ADMINISTRATIVE HISTORY

12. All conditions precedent required of Plaintiff prior to bringing this action have occurred, or have been met, including all statutory pre-suit notice and investigation requirements of the Federal Tort Claims Act, including 28 U.S.C.A. §§2401 and 2675.
13. Plaintiff complied with the pre-suit notification requirements of the Federal Tort Claims Act by filing an administrative claim for sums certain on the prescribed Standard Form 95, with the above-identified United States Department of the Army on March 31, 2025 which was acknowledged on April 10, 2025.
14. After one year and four months, the administrative claim is still being held under evaluation and a decision and response has yet to be given.
15. Accordingly, Plaintiffs have complied with all jurisdictional prerequisites and conditions precedent to commencing and prosecuting this litigation.

## LIABILITY OF THE UNITED STATES OF AMERICA

16. Liability of the United States of America is predicated specifically on 28 U.S.C. §§ 1346(b)(1) and 2674 because the personal injuries and resulting damages, which this Complaint describes, were proximately caused by the negligence and wrongful acts of employees of the United States Department of the Army while they were acting within the course and scope of their office or employment, under circumstances where the United States of America, if it were a private person, would be liable to Plaintiffs in the same manner, and to the same extent, as a private individual under the laws of New Jersey.
17. The amount in controversy exceeds $150,000, an amount in excess of the jurisdictional limits for Arbitration.

## COUNT I – NEGLIGENCE

**Plaintiff v. United States of America, Isaiah Brown and ABC CORPS 1-10 and/or JOHN DOES 1-10**

18. This is a civil action arising for personal injuries suffered by Plaintiff from a motor vehicle collision caused by the negligence of Defendant Isaiah Brown who was operating a vehicle owned and controlled by Defendant China Sumpter during the course and scope of their military service with Defendant the United States of America.
19. At all times mentioned, Georgetown-Wrightstown Road (County Route 545) is a public roadway located in Burlington County, New Jersey.

20. At all times mentioned, Plaintiff Cameron Hatton, Jr. was operating his personal vehicle in civilian clothes, and was driving an ordinary commute without specific military orders controlling the route or mode.

21. At all times mentioned, Plaintiff Cameron Hatton, Jr. was not performing a military task at the time of the subject accident or operating his vehicle during the course and scope of his employment with the military as a reservist in the United States Air Force.

22. At all times mentioned, Plaintiff Cameron Hatton, Jr. was a reservist, had no specified report time, and had full discretion over his voluntary military duty.

23. On or about September 3, 2024, Plaintiff Cameron Hatton, Jr. was the operator of a motor vehicle traveling southbound on Georgetown-Wrightstown Road at or near the intersection of Defense Access Highway in Burlington County, New Jersey.

24. On the same date and time, Defendant Isaiah Brown was operating a government issued motor vehicle and traveling northbound on Defense Access Highway in Burlington, County, New Jersey, when suddenly and without warning, he ran a stop sign while making a left-hand turn onto Georgetown-Wrightstown Road, lost control of his vehicle and collided with Plaintiff's vehicle.

25. Defendants Isaiah Brown and the United States of America owed Plaintiff a duty to provide the standard of care that an ordinary prudent person would provide in similar circumstances. By negligently and carelessly operating the automobile, Defendant breached his duty of care.

26. At all times mentioned, Defendant Isaiah Brown, negligently operated the vehicle owned and controlled by Defendants China Sumpter and the United States of America during the course and scope of their military service with the United States of America.

27. At all times mentioned, Defendant Isaiah Brown, the United States of America owed Plaintiff a duty to provide the standard of care that an ordinary prudent person would provide in similar circumstances. By negligently and carelessly operating the automobile, Defendant Isaiah Brown and the United States of America breached his duty of care.

28. The collision was caused solely by the negligence and carelessness of Defendant Isaiah Brown, the United States of America and ABC CORPS 1-10 and/or JOHN DOES 1-10 and was not due in any manner whatsoever to any act or failure to act on the part of Plaintiff.

29. The negligence and carelessness of Defendant Isaiah Brown, the United States of America and ABC CORPS 1-10 and/or JOHN DOES 1-10 consisted of the following, inter alia:

    a. Failing to have the motor vehicle under proper and adequate control;
    b. Operating the motor vehicle at a high and excessive rate of speed in light of traffic and weather conditions;
    c. Failing to maintain proper lookout of the roadway and traffic conditions;
    d. Failing to use due caution in driving the highway in light of traffic and weather conditions;
    e. Failing to have due regard for the rights and safety of the Plaintiff;
    f. Failure to maintain proper lookout for traffic control signals and signs;
    g. Being negligent and careless as a matter of law by failing to abide by the rules of the road.

30. Soley as a result of the aforesaid negligence and carelessness of the Defendants, Plaintiff Cameron Hatton, Jr. was caused to suffer severe and painful injuries including but not

limited to: lumbar disc protrusions at L4-5, L5-S1; cervical disc protrusions at C5-6; cervical disc bulge at C7-T1; lumbar and cervical radiculopathy; injuries and severe pain in the cervical and lumbar spine; right knee ACL sprain; sprain/strain of the cervical, thoracic and lumbar spine; dysfunction of the sacral and pelvic regions; injuries and severe pain to the right knee; injuries to his nerves and nervous system, as well as various other injuries, aggravations and conditions that may be established, all of which have caused him and will continue to cause him pain, wage loss and loss of earning capacity, suffering, loss of life's pleasures, embarrassment and humiliation, great physical and mental pain and anguish, property damage, medical bills, economic injury, excess medical bills, serious impairments of bodily function and permanent injuries.

**WHEREFORE,** Plaintiffs demand judgment and damages in his favor and against the Defendants, for an amount in excess of the jurisdictional limits for Federal Arbitration, with lawful interest from the date of the filing of the administrative claim until paid, plus all fees, costs, and such other relief as the Court deems equitable, just, and proper.

## COUNT II: NEGLIGENT ENTRUSTMENT

**Plaintiff v. United States of America, China Sumpter and ABC CORPS 1-10 and/or JOHN DOES 1-10**

31. Plaintiff incorporates each paragraph of this Complaint as if set forth fully herein and further allege as follows.
32. Defendants United States of America, China Sumpter and ABC CORPS 1-10 and/or JOHN DOES 1-10 were negligent and careless when they permitted Defendant driver Isaiah Brown to operate the vehicle owned by them.

33. The negligence and carelessness of the Defendants United States of America, China Sumpter and ABC CORPS 1-10 and/or JOHN DOES 1-10 consisted of the following inter alia:

   a. Lending out keys inappropriately;

   b. Negligently and carelessly entrusting a vehicle owned, controlled and possessed by them to Defendant, Isaiah Brown, who they knew or should have known was not capable of operating a motor vehicle properly;

   c. Defendants knew or should have known that Defendant, Isaiah Brown would operate his vehicle in such a manner as to create an unreasonable risk of harm to others;

   d. Despite this knowledge, Defendants allowed Defendant, Isaiah Brown to operate his vehicle in a negligent and careless manner causing harm and injuries to the Plaintiff; and

   e. Otherwise acting in a careless and negligent manner.

34. Soley as a result of the aforesaid negligence and carelessness of the Defendants, Plaintiff Cameron Hatton, Jr. was caused to suffer severe and painful injuries including but not limited to: lumbar disc protrusions at L4-5, L5-S1; cervical disc protrusions at C5-6; cervical disc bulge at C7-T1; lumbar and cervical radiculopathy; injuries and severe pain in the cervical and lumbar spine; right knee ACL sprain; sprain/strain of the cervical, thoracic and lumbar spine; dysfunction of the sacral and pelvic regions; injuries and severe pain to the right knee; injuries to his nerves and nervous system, as well as various other injuries, aggravations and conditions that may be established, all of which have caused him and will continue to cause him pain, wage loss and loss of earning capacity, suffering, loss of life's pleasures, embarrassment and humiliation, great physical and mental pain and anguish, property damage, medical bills, economic injury, excess medical bills, serious impairments of bodily function and permanent injuries.

**WHEREFORE,** Plaintiffs demand judgment and damages in his favor and against the Defendants, for an amount in excess of the jurisdictional limits for Federal Arbitration, with lawful interest from the date of the filing of the administrative claim until paid, plus all fees, costs, and such other relief as the Court deems equitable, just, and proper.

**Count III - Alternative Claim for Uninsured/Underinsured Motorist Benefits**

**Plaintiff v. Defendant State Farm Mutual Automobile Insurance Company**

35. Plaintiff incorporates each paragraph of this Complaint as if set forth fully herein and further allege as follows.

36. At the time of the subject accident, Plaintiff Cameron Hatton, Jr. did own a motor vehicle which was insured with Defendant State Farm Mutual Automobile Insurance Company that provided uninsured and underinsured motorist coverage.

37. Plaintiff notified Defendant State Farm Mutual Automobile Insurance Company of his uninsured or underinsured claim on March 27, 2026, and Defendant State Farm Mutual Automobile Insurance Company assigned claim number 38-73G3-77Z to this claim.

38. On April 16, 2026, Plaintiff sent a demand package to Defendant which included the following medical records and bills:

| **Providers Name** | **Dates of Treatment** | **Amount of Bill** | **Paid by Ins.** | **Paid by Client** | **Balance** |
|---|---|---|---|---|---|
| Jefferson Urgent Care | 9/4/24 | | | | |
| PA Pain and Rehab<br>*74 visits to-date | 9/6/24 – 3/6/26; 3/25/26 discharge | $23,510.00 | $14,497.83 | | $0, PIP Paid |
| South Philadelphia Open MRI (Cervical, Lumbar and Right Knee) | 10/23/24 and 10/24/24 | $4,500.00 | | | $0, PIP Paid |
| Community Neurology | 10/21/24 and | $3,400.00 | | | $ 1,700.00 |

| | | | | | |
|---|---|---|---|---|---|
| Associates (Cervical and Lumabr EMGs) | 4/7/25 | | | | |
| Dr. Bruce Grossinger | 4/15/25 – 3/24/26; ongoing | $26,547.00 | $1,276.99 | | $9,228.00; ongoing |
| Philadelphia Pain Away | 10/8/24; 10/28/24 | $129.60 and $170.40 | | | $300.00 |
| | | | | | |
| TOTAL | | | | | $11,228.00; ongoing |

39. Plaintiffs make this alternative claim for uninsured or underinsured motorist benefits if Plaintiff's Federal Torts Claim Act claim is denied or dismissed under the Feres Doctrine or for any other reason.

40. Soley as a result of the aforesaid negligence and carelessness of the Defendants, Plaintiff Cameron Hatton, Jr. was caused to suffer severe and painful injuries including but not limited to: lumbar disc protrusions at L4-5, L5-S1; cervical disc protrusions at C5-6; cervical disc bulge at C7-T1; lumbar and cervical radiculopathy; injuries and severe pain in the cervical and lumbar spine; right knee ACL sprain; sprain/strain of the cervical, thoracic and lumbar spine; dysfunction of the sacral and pelvic regions; injuries and severe pain to the right knee; injuries to his nerves and nervous system, as well as various other injuries, aggravations and conditions that may be established, all of which have caused him and will continue to cause him pain, wage loss and loss of earning capacity, suffering, loss of life's pleasures, embarrassment and humiliation, great physical and mental pain and anguish, property damage, medical bills, economic injury, excess medical bills, serious impairments of bodily function and permanent injuries.

**WHEREFORE,** Plaintiffs demand judgment and damages in his favor and against the

Defendants, for an amount in excess of the jurisdictional limits for Federal Arbitration, with lawful interest from the date of the filing of the administrative claim until paid, plus all fees, costs, and such other relief as the Court deems equitable, just, and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of 12 persons as to all issues.

## TRIAL ATTORNEY DESIGNATION

Kelsey Gaynier, Esquire is hereby designated as trial attorney.

## ATTORNEY CERTIFICATION

I, Kelsey Gaynier, Esq. hereby certify that to the best of my knowledge, information and belief at this time, that within matters in controversy are not the subject of any other action pending in any Court or of a pending arbitration proceeding nor is any action or arbitration proceeding contemplated nor are other parties required to be joined in this action.

CHAIKEN, LYONS & GAYNIER

*/s/ Kelsey Gaynier*

______________________________

KELSEY L. GAYNIER, ESQUIRE
Attorney for Plaintiff, Cameron Hatton, Jr.
1800 JFK Blvd., Ste. 810
Philadelphia, PA 19103
P: (215) 564-1800
gaynierk@jchaikenlaw.com

Date: 8/18/26